Egon L. **BADART** and Patra L. **Badart,**
Plaintiffs-Appellees,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; Steven Kerstein; and Jack Queen, Defendants-Appellants.**

No. 85–6144.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 1986.

Submission Deferred July 18, 1986.

Resubmitted Aug. 18, 1986 *.

Decided Aug. 18, 1986.

---

* This case is hereby ordered submitted for decision.

Sandra L. Malek, Los Angeles, Cal., for plaintiffs-appellees.

Maren E. Nelson, Los Angeles, Cal., for defendants-appellants.

Before CANBY, REINHARDT and NOONAN, Circuit Judges.

PER CURIAM:

This is another in a series of recent cases exploring the arbitrability of federal securities claims following the Supreme Court's decision last year in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

In November 1981, the Badarts opened a securities account with Merrill Lynch at its Pasadena, California, office. At that time, the Badarts signed Merrill Lynch's standard Customer Agreement, which provided for the arbitration of any disputes arising out of the parties' relationship. They later signed an Options Trading Agreement that included a similar term.

The Badarts brought this action in August 1984 against Merrill Lynch and two of its employees. They alleged violations of various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 as well as state statutes and common law principles. The Badarts claim that, despite their inexperience as investors, Merrill Lynch employees induced them to engage in highly speculative, and ultimately unsuccessful, investments in stocks and stock options. They allege that their account was churned and that their broker, defendant Steven Kerstein, made fraudulent representations about the safety and likely success of the investments. The Badarts claim an out-of-pocket loss of more than $300,000.

After the Supreme Court decision in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), defendants asked the district court to compel arbitration of the Badarts' claims, pursuant to its Customer Agreement. The court granted the motion with respect to the pendent state claims, but it refused to compel arbitration of the federal claims. Defendants now appeal the district court's refusal to compel arbitration of the Badarts' claims under sections 10(b), 15(b) & (c) and 20(a) of the Securities Exchange

Act of 1934, 15 U.S.C. §§ 78j(b), 78o (b) & (c), 78t(a).[1]

The sole issue in this appeal is whether claims for securities fraud brought under sections 10(b), 15 and 20(a) of the Securities Exchange Act of 1934 are arbitrable. We recently addressed the arbitrability of section 10(b) claims in *Conover v. Dean Witter Reynolds, Inc.*, 794 F.2d 520 (9th Cir.1986), and held that such claims are not arbitrable. *Id.* at 523–27. We adhere to that decision here.

In addition, we find the analysis of the 1934 Act's history, purposes and application found in our *Conover* decision, *see id.* at 523–27, equally applicable to both section 15 and section 20(a) claims. Section 15 establishes liability for securities fraud by brokers and dealers. Section 20(a), while not defining any unlawful acts as such, establishes a form of *respondeat superior* liability for Securities Exchange Act violations. The parties point to, and we can perceive, no reason why claims under sections 15 and 20(a) of the 1934 Act should be treated differently for purposes of arbitrability. We therefore hold that claims under these provisions are not arbitrable.

The district court was accordingly correct when it refused to include the federal claims in its order to compel arbitration.

AFFIRMED.

---

1. Defendants do not challenge the district court's refusal to compel arbitration of the Badarts' claims under various parts of the Securities Act of 1933 or under section 9(a)(4) of the 1934 Act, 15 U.S.C. § 78i(a)(4).