**Egon L. BADART and Patra L. Badart, Plaintiffs-Appellees,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; Steven Kerstein; and Jack Queen, Defendants-Appellants.**

No. 85–6144.

United States Court of Appeals, Ninth Circuit.

July 28, 1987.

Sandra L. Malek, Los Angeles, Cal., for plaintiffs-appellees.

Maren E. Nelson, Los Angeles, Cal., for defendants-appellants.

Before CANBY, REINHARDT and NOONAN, Circuit Judges.

PER CURIAM:

In our earlier decision in this case, we held that the district court properly refused to submit claims under sections 10(b), 15 and 20(a) of the Securities Exchange Act of 1934 to arbitration. *Badart v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 797 F.2d 775 (9th Cir.1986). That was the only issue presented to us on appeal.

The Supreme Court has now granted certiorari, vacated our earlier decision, and remanded the case to us for reconsideration in light of *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 3204, 96 L.Ed.2d 691 (1987). In that case, the Supreme Court held that claims under section 10(b) of the Securities Exchange Act must be sent to arbitration pursuant to the terms of an arbitration agreement.

*Shearson/American Express* clearly compels us to hold, contrary to our previous decision, that section 10(b) claims are arbitrable. As we stated in our previous decision, "[t]he parties point to, and we can perceive, no reason why claims under sections 15 and 20(a) of the 1934 Act should be treated differently [from claims under section 10(b)] for purposes of arbitrability." *Badart,* 797 F.2d 777 (9th Cir.1986). Those claims therefore must now be treated as arbitrable.

The decision of the district court refusing to submit the Badarts' claims under section 10(b), 15 and 20(a) of the Securities Exchange Act of 1934 is reversed, and the case is remanded to the district court.

REVERSED AND REMANDED.